UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY AUSTIN GADSON,

                Plaintiff,

-against-

RIVERBAY CORPORATION,

                Defendant.

1:25-CV-5182 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Gregory Austin Gadson, who is appearing *pro se*, brings this action invoking the court's federal question subject matter jurisdiction and purportedly asserting claims of retaliation under the Fair Housing Act ("FHA"), claims of constitutional violations and conspiracy under 42 U.S.C. §§ 1983 and 1985, and claims under the Administrative Procedure Act ("APA"). He sues Riverbay Corporation ("Riverbay") and seeks an unspecified temporary restraining order, "authoriz[ation] [for] the removal of this matter from inferior state jurisdiction pursuant to federal statutory authority," and declaratory relief recognizing [his] fiduciary status and [Riverbay's] actionable violations of federal law."[1] (ECF 1, at 1.)

---

[1] Plaintiff, in his initial pleading (ECF 1), which he styles as a "Brief summary in support of motion for temporary restraining order, federal removal, and declaratory relief," seems to be attempting to remove, to this court, a civil action that was originally filed in a state court in which he is a party. While Plaintiff does not indicate, in his initial pleading, the state court to which he is referring, a subsequent submission filed by him in this court would seem to indicate that it is the Civil Court of the City of New York, Bronx County, Housing Part, in which Riverbay has apparently successfully sought Plaintiff's eviction from a Bronx apartment. (ECF 11, at 5, 9, 13, 24, 37.)

      Because, however, Plaintiff brings this action in this court asserting claims for relief against Riverbay, describing himself as "Plaintiff," and failing to comply with the requirements to remove a civil action from a state court, *see* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process,

By order dated June 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff's complaint is difficult to understand. The Court discerns the following allegations from it: Plaintiff asserts that he "lawfully resides at a property managed by Riverbay . . . and has submitted all documents for succession in accordance with Mitchell-Lama housing policy and governing bylaws." (ECF 1, at 2.) Yet, "[d]espite acknowledging this in internal ledgers, Riverbay failed to issue a certificated stock share, thereby withholding lawful ownership and creating commercial uncertainty." (*Id.*)

Following the Court's June 26, 2025 order granting Plaintiff IFP status, and beginning on July 1, 2025, and continuing until July 30, 2025, Plaintiff filed a series of submissions that the Court construes as supplements to Plaintiff's complaint. (ECF 5-11.) Most of these submissions

---

pleadings, and orders served upon such defendant or defendants in such action."), the Court regards Plaintiff's initial pleading as a complaint by which Plaintiff, not Riverbay, initiated this civil action originally in this court, not in the state court.

do not seem to address or correspond to the abovementioned allegations; they are also difficult to understand. The few seemingly relevant submissions are attachments to Plaintiff's "Declaration of Judicial Encumbrance, Fiduciary Breach, and Commercial Trespass," which he filed on July 30, 2025. (ECF 11.) Attached to that submission are copies of documents styled for filing in or issuance from the New York City Civil Court, Bronx County, Housing Part ("Housing Court"), with respect to an action in that court in which Plaintiff is/was a party. (ECF 11, at 5, 9, 13, 24, 37.) Of these, the most notable include the following: (1) an order issued by Housing Court Judge Omer Shahid, dated July 29, 2025, in which Judge Shahid denied Plaintiff's request to issue an order to show cause in an action brought by Riverbay against Plaintiff in the Housing Court, and in which Judge Shahid ruled, among other things, that "[n]othing in the documents attached establish that this proceeding is stayed pursuant to civil court action" (*id.* at 9, 24); and (2) a Notice of Eviction, dated July 21, 2025, issued to Plaintiff by the New York City Marshal, which informs Plaintiff that he will be evicted, at the earliest, on August 5, 2025 (*id.* at 13, 37).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when the plaintiff asserts claims under state law, the plaintiff and the defendant are citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a)(1). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

A.  **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) ("[I]n order to sustain federal jurisdiction, the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous."). Despite invoking federal statutes including the FHA, 42 U.S.C. §§ 1983 and 1985, and the APA, Plaintiff alleges no facts demonstrating a federal law claim. Thus, inasmuch as Plaintiff invokes the court's federal question jurisdiction, the Court dismisses his claims for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court

---

[2] Even if Plaintiff did allege facts demonstrating such claims, he would fail to state a claim on which relief would be granted with respect to his claims of retaliation under the FHA against Riverbay because he alleges nothing to suggest that he was engaging in FHA-protected activity, that Riverbay was aware of that activity, that Riverbay took adverse action against him, and that a causal connection existed between Plaintiff's protected activity and the adverse action. *See Lynn v. Vill. of Pomona*, 373 F. Supp. 2d 418, 432 (S.D.N.Y. 2005), *aff'd*, 212 F. App'x 38

grants Plaintiff leave to replead his claims in an amended complaint in which he alleges facts showing that the court has federal question jurisdiction of the claims raised in his amended complaint.

**B.    Diversity jurisdiction**

Plaintiff also does not allege facts sufficient to establish the court's diversity jurisdiction to consider any claims under state law that he is attempting to assert. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation

---

(2d Cir. 2007) (summary order). The same is true with respect to his federal constitutional claims under Section 1983, because he alleges no facts showing that Riverbay, a private corporation, is a state actor. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Roffman v. Knickerbocker Plaza Assocs.*, No. 1:04-CV-3885 (PKC), 2008 WL 919613, at *10 (S.D.N.Y. Mar. 31, 2008) ("That plaintiff's apartment is in a 'Mitchell-Lama' building does not make the building's owners, managers and employees state actors within the meaning of [S]ection 1983."); *Hammond v. Halperin*, No. 1:94-CV-8371 (HB), 1995 WL 702448, at *3 (S.D.N.Y. Nov. 29, 1995) (holding same). The same is also true with respect to any claims of conspiracy that Plaintiff asserts under Sections 1983 and 1985, as he has not identified any underlying federal violations and his conspiracy claims are vague and unsupported. *See, e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). Finally, the same is also true with respect to Plaintiff's claims under the APA, because the APA applies to federal agencies and does not apply to private corporations, like Riverbay. *See Eisenbach v. Vill. of Nelsonville*, No. 1:20-CV-8566 (VB), 2021 WL 5054119, at *5 n.4 (S.D.N.Y. Nov. 1, 2021), *appeal dismissed*, No. 21-2963 (2d Cir. Feb. 7, 2022).

marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

While Plaintiff alleges that he is a citizen of the Bronx, New York, he alleges nothing demonstrating the state citizenship of Riverbay. In addition, while Plaintiff's claims may involve an amount in excess of the sum or value of $75,000 – the jurisdictional amount for diversity jurisdiction – he alleges few, if any, facts supporting such a contention. Accordingly, inasmuch as Plaintiff asserts claims under state law under the court's diversity jurisdiction, the Court dismisses this action for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff leave to replead his claims under state law in an amended complaint in which he alleges facts showing that the court has diversity jurisdiction of such claims. Plaintiff must allege facts showing that Riverbay is not a citizen of the same State as him, that is, a citizen of the State of New York. He must also allege facts showing that the amount in controversy as to his claims under state law in this action satisfies the jurisdictional amount for a diversity action; he must allege nonconclusory facts showing such an amount in controversy exceeds the sum or value of $75,000.

### C. Immediate injunctive relief

The Court denies Plaintiff's requests for immediate injunctive relief, including his request for a temporary restraining order, because of the deficiencies discussed above. To obtain immediate injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his action or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000); *Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)). Preliminary injunctive relief "is an extraordinary and drastic

remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Because of the abovementioned deficiencies, neither Plaintiff's complaint nor his supplements to his complaint demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Accordingly, the Court denies Plaintiff's requests for immediate injunctive relief, including his request for a temporary restraining order. This denial is without prejudice to Plaintiff's making such claims for relief in an amended complaint in which he alleges facts sufficient to show that this court has subject matter jurisdiction to consider this action.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the court has subject matter jurisdiction to consider this action, the Court grants Plaintiff 30 days' leave to file an amended complaint to allege facts showing that this court has subject matter jurisdiction to consider his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts showing that this court has subject matter jurisdiction to consider this action.

The Court also denies Plaintiff's requests for immediate injunctive relief, including his request for a temporary restraining order. This denial is without prejudice to Plaintiff's making such claims for relief in an amended complaint in which he alleges facts sufficient to show that this court has subject matter jurisdiction to consider this action.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). SO ORDERED.

Dated:   August 4, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                            Chief United States District Judge